UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARNISHA GARBADE,

    Plaintiff,

  v.

                                              Case No. 21-cv-1283

TAYLOR M. WISHAU
 (in his individual capacity),

    Defendant.

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES the Defendant, Taylor Wishau, by his attorneys, Axley Brynelson, LLP, by Attorneys Lori M. Lubinsky, Danielle Baudhuin Tierney, and Lili C. Behm, and for his Answer to Plaintiff's Complaint, states as follows:

    1.    The allegations contained in Paragraph 1 of Plaintiff's Complaint are legal conclusions to which no answer is required. To the extent answers are required, Defendant denies and puts Plaintiff to her proof thereon.

    2.    Upon information and belief, Defendant admits the allegations in Paragraph 2 of Plaintiff's Complaint.

    3.    In answering Paragraph 3 of Plaintiff's Complaint, Defendant admits that Wishau is presently the Burlington Area School District School Board Treasurer. The remaining allegations in Paragraph 3 are legal conclusions to which no answer is required. To the extent answers are required, Defendant denies and puts Plaintiff to her proof thereon.

    4.    The allegations contained in Paragraph 4 of Plaintiff's Complaint are legal conclusions to which no answer is required. To the extent answers are required, Defendant admits.

5. The allegations contained in Paragraph 5 of Plaintiff's Complaint are legal conclusions to which no answer is required. To the extent answers are required, Defendant admits.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore denies the same and puts Plaintiff to her proof thereon.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore denies the same and puts Plaintiff to her proof thereon.

8. Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. The allegations contained in Paragraph 9 of Plaintiff's Complaint are legal conclusions to which no answer is required. To the extent answers are required, Defendant admits.

10. In answering Paragraph 10 of Plaintiff's Complaint, Defendant admits that Plaintiff submitted a "Discrimination Complaint Form" to the Burlington Area School District on March 26, 2020. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 10 of Plaintiff's Complaint, and therefore denies the same and puts Plaintiff to her proof thereon.

11. In answering Paragraph 11 of Plaintiff's Complaint, Defendant admits that on April 9, 2021, Wisconsin Assistant State Superintendent, Barbara Van Haren issued a Decision and Order, and admits that a true and correct copy of the decision is attached to Plaintiff's Complaint as Exhibit A. Defendant denies the truth of the assertions within Exhibit A, affirmatively alleges that Exhibit A speaks for itself and denies all allegations to the contrary, and denies any and all remaining allegations in Paragraph 11 of Plaintiff's Complaint.

12. In answering Paragraph 12 of Plaintiff's Complaint, Defendant admits that on April 9, 2021, Wisconsin Assistant State Superintendent, Barbara Van Haren issued an Order, and admits that a true and correct copy of the order is attached to Plaintiff's Complaint as Exhibit A. Defendant denies the truth of the assertions within Exhibit A, affirmatively alleges that Exhibit A speaks for itself and denies all allegations to the contrary, and denies any and all remaining allegations in Paragraph 12 of Plaintiff's Complaint.

13. Defendant admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of Plaintiff's Complaint and therefore, denies said allegations and puts Plaintiff to her proof thereon.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiff's Complaint and therefore, denies said allegations and puts Plaintiff to her proof thereon.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiff's Complaint and therefore, denies said allegations and puts Plaintiff to her proof thereon.

17. In answering Paragraph 17 of Plaintiff's Complaint, Defendant admits that on June 25, 2021, Defendant filed a Discrimination Complaint against Plaintiff. Defendant admits that a true and correct copy of the order is attached to Plaintiff's Complaint as Exhibit B. Defendant affirmatively alleges that Exhibit B speaks for itself and denies all allegations to the contrary, and denies any and all remaining allegations in Paragraph 17 of Plaintiff's Complaint.

18. In answering Paragraph 18 of Plaintiff's Complaint, Defendant admits that Exhibit B contains Defendant's Burlington Area School District email address, mailing address, and telephone number. Defendant affirmatively alleges that Exhibit B speaks for itself and denies all allegations to the contrary, and denies any and all remaining allegations in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22. In answering Paragraph 22 of Plaintiff's Complaint, Defendant reincorporates his answers to the preceding paragraphs as if fully stated herein.

23. Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies all allegations in the Complaint that are not affirmatively admitted herein.

## **AFFIRMATIVE DEFENSES**

Defendant, further answering Plaintiff's Complaint by way of affirmative defenses applicable to all claims for relief, allege as follows:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted;

2. Plaintiff's Complaint fails to state a basis to impose punitive damages against Defendant;

3. Plaintiff did not engage in protected speech;

4. Defendant engaged in protected speech;

5. Defendant is entitled to qualified immunity;

6. Plaintiff's injuries and/or damages may have been proximately caused by the actions of persons over whom this answering Defendant has no responsibility or control;

7. Defendant alleges all affirmative defenses required to be pled under Rule 12(b), Fed. R. Civ. Pro., for the purpose of avoiding waiver of any such defenses as they may later apply; and

8. Defendant reserves the right to assert any further affirmative defenses that may become available as discovery proceeds in this matter.

WHEREFORE, Defendant Taylor Wishau demands judgment dismissing Plaintiff's Complaint, and awarding Defendant his costs, attorney's fees, and such other relief the Court deems just and equitable.

Dated this 23rd day of December, 2021.

*s/ Danielle Baudhuin Tierney*
Lori M. Lubinsky, SBN 1027575
Danielle Baudhuin Tierney, SBN 1096371
Lili C. Behm, SBN 1107458
Attorneys for Defendant
AXLEY BRYNELSON, LLP
P.O. Box 1767
Madison, WI 53701-1767
Telephone: 608.257.5661
Email: llubinsky@axley.com; dtierney@axley.com, lbehm@axley.com