| | |
|---|---|
| **From:** | Danielle B. Tierney |
| **To:** | Kim Sweatt; Mark Thomsen; Paul Kinne |
| **Cc:** | Lori M. Lubinsky; Sally M. Kramer; Paul M. Matenaer |
| **Subject:** | RE: Garbade v. Wishau - 21cv1283 |
| **Date:** | Friday, June 24, 2022 12:16:00 PM |

Kim,

I actually remembered that Joseph (I incorrectly put "Crocker" in my last email) noted that she would work with the parties to resolve discovery disputes in the hopes that a conference with the Court would avoid motion practice. As such, we'll advise the Court of the issue and ask how to proceed with that option.

Thanks,
Danielle


**Danielle Tierney**

**AXLEY ATTORNEYS**
Partner | 608.283.6712

---

**From:** Kim Sweatt <ksweatt@gtwlawyers.com>
**Sent:** Friday, June 24, 2022 12:12 PM
**To:** Danielle B. Tierney <DTierney@axley.com>; Mark Thomsen <mthomsen@gtwlawyers.com>; Paul Kinne <kinne@gtwlawyers.com>
**Cc:** Lori M. Lubinsky <LLubinsky@axley.com>; Sally M. Kramer <SKramer@axley.com>; Paul M. Matenaer <PMatenaer@axley.com>
**Subject:** RE: Garbade v. Wishau - 21cv1283

External Email

Danielle,

Our complaint clearly alleges sufficient facts and states a valid claim. Given that you do not have case law supporting a motion to compel, we agree the best alternative to getting the information you are seeking is to depose our client. Please send us some available dates, and we will contact her for availability.

Sincerely,

Kim Sweatt

**Kimberly Sweatt**
Gingras, Thomsen & Wachs, LLP
**P: 608.833.2632 ext 1006** | **gtwlawyers.com**

---

**From:** Danielle B. Tierney <DTierney@axley.com>

**Sent:** Thursday, June 23, 2022 3:24 PM
**To:** Kim Sweatt <ksweatt@gtwlawyers.com>; Mark Thomsen <mthomsen@gtwlawyers.com>; Paul Kinne <kinne@gtwlawyers.com>
**Cc:** Lori M. Lubinsky <LLubinsky@axley.com>; Sally M. Kramer <SKramer@axley.com>; Paul M. Matenaer <PMatenaer@axley.com>
**Subject:** RE: Garbade v. Wishau - 21cv1283

Kim,

Plaintiff's complaint is devoid of any detail as to what speech your client engaged in and what acts of retaliation occurred. The interrogatories seek clarification and narrow the scope of the dispute. These interrogatories are appropriate to find the factual basis of your client's claim given that the complaint lacks any factual references. The alternative is to depose your client and ask her these questions, and if that's the argument you want to present to Crocker, that's fine. I'm not going to dig around for case law to explain that, in a First Amendment case, your client has to tell the Defendant what speech she engaged in and what happened in response.

**Danielle Tierney**

**AXLEY ATTORNEYS**
Partner | 608.283.6712

---

**From:** Kim Sweatt <ksweatt@gtwlawyers.com>
**Sent:** Thursday, June 23, 2022 2:34 PM
**To:** Danielle B. Tierney <DTierney@axley.com>; Mark Thomsen <mthomsen@gtwlawyers.com>; Paul Kinne <kinne@gtwlawyers.com>
**Cc:** Lori M. Lubinsky <LLubinsky@axley.com>; Sally M. Kramer <SKramer@axley.com>; Paul M. Matenaer <PMatenaer@axley.com>
**Subject:** RE: Garbade v. Wishau - 21cv1283

External Email

Danielle,

You stated that you would file a Motion to Compel if we do not provide complete answers to your contention interrogatories at this early stage in litigation. We are simply asking you for the legal authority on which you would base your motion to compel. I did not say that we aren't certain of the factual basis. Send us the authority stating your contention interrogatory is appropriate at this stage, we will take a look at it, and respond.

Thank you.

Kim

**Kimberly Sweatt**
Gingras, Thomsen & Wachs, LLP

P: 608.833.2632 ext 1006 | gtwlawyers.com

**From:** Danielle B. Tierney <DTierney@axley.com>
**Sent:** Thursday, June 23, 2022 12:57 PM
**To:** Kim Sweatt <ksweatt@gtwlawyers.com>; Mark Thomsen <mthomsen@gtwlawyers.com>; Paul Kinne <kinne@gtwlawyers.com>
**Cc:** Lori M. Lubinsky <LLubinsky@axley.com>; Sally M. Kramer <SKramer@axley.com>; Paul M. Matenaer <PMatenaer@axley.com>
**Subject:** RE: Garbade v. Wishau - 21cv1283

Kim,
If you're suggesting that your client shouldn't have to assert the basis for her claim because it is too early in the litigation and she isn't certain of the factual basis, that's fine, but please state so, and we'll bring a Rule 11 motion for failing to properly investigate the facts and legal basis for her claims prior to commencing the lawsuit.

Your client brought a lawsuit. She should provide the factual basis for that lawsuit in her complaint and when she did not, we asked in discovery. This is basic discovery.

Danielle

**Danielle Tierney**

**AXLEY ATTORNEYS**
Partner | 608.283.6712

**From:** Kim Sweatt <ksweatt@gtwlawyers.com>
**Sent:** Thursday, June 23, 2022 12:51 PM
**To:** Danielle B. Tierney <DTierney@axley.com>; Mark Thomsen <mthomsen@gtwlawyers.com>; Paul Kinne <kinne@gtwlawyers.com>
**Cc:** Lori M. Lubinsky <LLubinsky@axley.com>; Sally M. Kramer <SKramer@axley.com>; Paul M. Matenaer <PMatenaer@axley.com>
**Subject:** RE: Garbade v. Wishau - 21cv1283

External Email

Danielle,

We request that you provide us with your legal authority as to why our responses are improper at this early stage in the litigation, before depositions have been taken. We will consider your authority and get back to you.

Sincerely,

Kim Sweatt

**Kimberly Sweatt**

Gingras, Thomsen & Wachs, LLP

P: 608.833.2632 ext 1006  |  gtwlawyers.com

---

**From:** Danielle B. Tierney <DTierney@axley.com>
**Sent:** Thursday, June 16, 2022 8:14 AM
**To:** Kim Sweatt <ksweatt@gtwlawyers.com>; Mark Thomsen <mthomsen@gtwlawyers.com>; Paul Kinne <kinne@gtwlawyers.com>
**Cc:** Lori M. Lubinsky <LLubinsky@axley.com>; Sally M. Kramer <SKramer@axley.com>; Paul M. Matenaer <PMatenaer@axley.com>
**Subject:** Garbade v. Wishau - 21cv1283

Good morning counsel,
I am writing with respect to Plaintiff's responses to Defendant's first set of discovery.

Plaintiff's responses to Interrogatory No. 5 and 6 are incomplete and nonresponsive, and we formally request that Plaintiff provide appropriate responses. The interrogatories are seeking fundamental information about the basic elements of Plaintiff's complaint. Plaintiff's refusal to respond is unfounded.

With respect to Plaintiff's response to Request No. 6 and 7, Plaintiff's objections are not appropriate. Plaintiff's communications regarding the incidents giving rise to her claim are extremely pertinent and it should be very easy to identify and produce those records.

Finally, with respect to the repeated privilege objections, please promptly produce a privilege log of **all** documents withheld on privilege grounds pursuant to Fed. R. Civ. P. 26(b)(5)(A) – or amend the responses to remove those objections.

Please provide responses by June 30 or the Defendant will be filing a motion to compel.

Danielle

**Danielle Tierney**
Partner

**AXLEY ATTORNEYS**
2 E. Mifflin St. Ste 200 | Madison, WI 53703
P.O. Box 1767 | Madison, WI 53701-1767
Phone: 608.283.6712 | Fax: 608.257.5444
Email: DTierney@axley.com | bio | axley.com

**Legal Assistant**: Sally Kramer
Phone: 608.283.6775 | Email: skramer@axley.com

Unless otherwise indicated or obvious from the nature of this transmittal, the information in this transmission is confidential and protected from disclosure by the attorney-client privilege, attorney work-product doctrine, privacy laws, or by its proprietary nature. This transmission is intended for the exclusive use of the named recipient. If you are not the named recipient or responsible to deliver it to the named recipient, you are notified that any use, copying, disclosure, dissemination, or other distribution of the information is strictly prohibited and you may be subject to legal restrictions or sanctions. If you have received this communication in error or are not sure whether it is confidential, please immediately notify us by return email or telephone at (608) 257-5661 and destroy all copies. To ensure

compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.